## GUFFEY v. POLLAN.

No. 8961—Opinion Filed Oct. 22, 1918.

(175 Pac. 817.)

**1. Landlord and Tenant—Defective Lease—Tenancy—Term.**

A tenant in possession under a void or defective lease for a term of years creates a tenancy at will, and, if periodical rent be paid, the tenancy becomes one from year to year—following Peters v. Holder, 40 Okla. 93, 136 Pac. 400.

**2. Indians—Conditional Lease—Assignment of Rents—Rights.**

Neither the attempted assignment of rents nor the conditional lease contract, referred to in the opinion and relied upon by the plaintiff in error, as a basis of recovery in the instant case, conferred upon him any enforceable legal rights for the reason that the restricted Indian executing such instruments was without legal capacity to make the same.

(Syllabus by Galbraith, C.)

Error from District Court, Delaware County; John H. Pitchford, Judge.

Action by John B. Guffey against J. B. Pollan. Judgment for the defendant, and plaintiff brings error. Affirmed.

J. G. Austin and Ad. V. Coppedge, for plaintiff in error.

W. C. Hall and E. B. Hunt, for defendant in error.

Opinion by GALBRAITH, C. The plaintiff in error, as plaintiff in the trial court, commenced an action in the nature of ejectment seeking to recover possession of a certain described premises and rents and profits for the year 1916, as damages. The land involved was the allotment of a deceased Seneca Indian and had been inherited by Mary Turkey, a restricted Indian under the control of the Quapaw Indian Agency in Delaware county, Okla.

Two written instruments executed by Mary Turkey and her husband, to the plaintiff, were set out in the petition as a basis for the recovery. One of these was an assignment of rents of the land for the year 1916, and the other a lease of the land for one year; the latter being conditional upon the failure of the tenant in possession to attorn to the plaintiff. It was alleged in the petition that the defendant, Pollan, was in possession of the land as the tenant of Mary Turkey, and that he had been a tenant during the years 1914, 1915, and 1916, and that he had failed and refused to attorn to the plaintiff for the rents for the year 1916, and that he had converted the same to his own use, and that the rents amount to $300. The prayer was for possession of the lands and for judgment in the sum of $300.

The suit was filed on the 3d day of October, 1916, and the court held at the beginning of the trial that the action in ejectment was prematurely brought, inasmuch as it appeared from the recitals of the petition that the tenant, Pollan, was in possession of the premises as a tenant at will, at least, and since his rentals were payable by the year, and a claim for the rentals for the year 1916 was made in the petition, that Pollan's tenancy had not been terminated and that no right to dispossess him had accrued at the time suit was brought in October, 1916. . The court held, however, that the action might be maintained for the rentals if the plaintiff had a regular assignment of them; that he might recover for the rent, notwithstanding he had no right to the possession of the land at the time suit was instituted. After hearing the testimony the court found for the defendant and entered judgment accordingly. This judgment is brought here for review.

The assignments of error are that the judgment is contrary to the law and the evidence; that the court erred in dismissing the plaintiff's first cause of action, that for the possession of the land. A consideration of the record convinces us that the judgment of the trial court was right, for two reasons at least: First, because it appeared from the petition that the plaintiff did not have a right to the possession of the land at the time of the commencement of the action, and could never be entitled to the possession under the lease set out for want of power in the lessor to make the same; and second, because the attempted assignment of the rent was void, for the reason that the Indian making the assignment was under restrictions, and had no power to make the same. It was held by the Supreme Court of the United States in Bowling v. United States, 233 U. S. 528, 34 Sup. Ct. 659, 58 L. Ed. 1080, that. this restriction "bound the land for the time stated, whether in the hands of the allottee or his heirs." In the case of United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844, the court had under consideration certain leases and assignments of rents and royalties from Indian allotments under the Quapaw Agency, and reached the conclusion that all leases for a longer period than that written in the statute, and the assignment of rents and royalties by the allottee or his heirs, were absolutely void, and in the course of the opinion the court says:

"It necessarily follows that the allottee in the present case, having no power to convey his estate in the land, could not pass title to that part of it which consisted of the rents and royalties. It is said that the leases contemplated the payment of sums of money, equal to the agreed percentage of the market value of the minerals and thus that the assignment was of these moneys; but the fact that rent is to be paid in money does not make it any the less a profit issuing out of the land. The further argument is made that the power to lease should be construed as implying the power to dispose of the rents to accrue. This is wholly untenable. The one is in no way involved in the other; the complete exercise of the authority which the statute confers would still leave the rents and royalties to accrue as part of the estate remaining in the lessor. It was the intent of Congress that the allottees during the period of restriction should be secure in their actual enjoyment of their interest in the land. Heckman v. United States, supra [224 U. S. 413, 32 Sup. Ct. 424, 56 L. Ed. 820]. The restriction was removed only to the extent specified; otherwise, the prohibition against alienation remained absolute."

Although it appears from the evidence that the tenant, Pollan, was in possession of the

premises in dispute under a void lease, it appears that he had been in possession and had paid yearly rental for the years 1914 and 1915 and had occupied the premises for the year 1916. Although the lease under which he held may have been void, yet he was a tenant from year to year, and was not subject to have the tenancy terminated at the time the suit was instituted, October 3, 1916. It was said by this court in Peters v. Holder, 40 Okla. at page 96, 136 Pac. at page 401:

" 'An entry under a void or defective lease for a term of years creates a tenancy at will, and if periodical rent be paid the tenancy becomes one from year to year.' Tate v. Gaines, 25 Okla. 141, 105 Pac. 193, 26 L. R. A. (N. S.) 106; 24 Cyc. 1031—citing a long list of authorities in support of that proposition. Therefore Holder held as a tenant from year to year, and until his tenancy was terminated by three months' notice in writing. Section 3784, Rev. Laws 1910."

It therefore appears that the assignments of error are not well taken, inasmuch as neither the attempted transfer of rentals nor the lease of the land relied upon by the plaintiff as a basis of recovery in the action were of any legal force or effect. Neither of those papers considered separately, nor both of them taken together, conferred upon the plaintiff any enforceable legal right.

The judgment appealed from was correct, and should be affirmed.

By the Court: It is so ordered.